IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIAM R. YATES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-1531 |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Plaintiffs Esther M. Yates and William R. Yates' ("Plaintiffs") Motion to Remand (Dkt. 13), Defendants Nationstar Mortgage LLC d/b/a Mr. Cooooper ("Nationstar") and U.S. Bank Trust National Association's ("U.S. Bank") Motion to Dismiss (Dkt. 18), and Defendants Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("RASCP") and Ras Trustee Services, LLC's ("RAST") (collectively, the "RAS Defendants") Motion to Dismiss (Dkt. 25). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition.

Considering the Motions together with the Memoranda in Support (Dkt. Nos. 14; 19; 26); the Parties' Oppositions, (Dkt. Nos. 28; 29; 33; 34); and the Parties' Replies (Dkt. 32; 35; 36), this Court DENIES Plaintiff's Motion to Remand (Dkt. 13) and GRANTS Defendants' Motions to Dismiss (Dkt. Nos. 18; 25) for the reasons that follow.

I.   BACKGROUND

A.   Factual Background[1]

Attempting to further delay a potential foreclosure, Plaintiffs bring a three-count Amended Complaint against Defendants, challenging the validity of the "underlying note and deed of trust and all subsequently recorded land records pertinent to the" real property located at 8236 Stoddard Drive, Manassas, Virginia 20110 (the "Property"). Dkt. 12 ¶¶ 10, 57.

Plaintiff Esther Yates executed a promissory note ("Note") and deed of trust ("DOT") to finance the purchase of the Property on October 25, 2005. *Id.* ¶ 12. Her husband, Plaintiff William Yates, signed the DOT a day or two later. *Id.* ¶ 14. The Note states that Plaintiffs "promise[d] to pay [the principal] plus interest, to the order of the Lender" and that "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Dkt. 12, Ex. A ¶ 1, 6(B). At some point in late 2009, Plaintiffs entered default after experiencing financial difficulties, and the full amount of the loan was accelerated on January 20, 2010. *See* Dkt. 12 ¶¶ 93-100.

Defendant U.S. Bank, in its capacity as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage-Backed Pass-Through Certificates, is the holder of the Note. *Id.* ¶ 5. Defendant Nationstar is the servicer of the loan. *Id.* ¶¶ 6, 21, 34. Defendant RAST is the Substitute Trustee, *id.* ¶ 45, and Defendant RASCP "is the law firm that represented the legal interest of [Nationstar] and [U.S. Bank] in enforcing the loan documents," Dkt. 26 at 10-11.

---

[1] For purposes of considering the Motions to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A foreclosure sale of the Property was most recently scheduled for October 24, 2023, but it was subsequently cancelled. Dkt. 12 ¶¶ 47, 53.[2] In anticipation of the October 24, 2023 sale, Plaintiffs filed the instant suit in the Circuit Court of Prince William County on October 17, 2023. *Id.* ¶ 52.

Plaintiffs have attempted to avoid a potential foreclosure of the Property through several bankruptcy and litigation proceedings. *Id.* ¶¶ 37-41. Every attempt thus far has been futile. *Id.* The Court sets forth a brief overview of those cases below.

### B. Procedural Background[3]

#### 1. 2017 Bankruptcy Case – *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017)

On June 5, 2017, Plaintiff Esther Yates filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Virginia. Dkt. 12 ¶ 37; *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017), Dkt. 1. The case was eventually converted to a proceeding under Chapter 7 of the Bankruptcy Code. Dkt. 12 ¶ 37. Defendant U.S. Bank moved for relief from the automatic stay imposed in that case, asserting that Plaintiff Esther Yates owned the Property, that Defendant U.S. Bank held the Note secured by the DOT to the Property, and that Plaintiff Esther Yates was in default under the DOT. *In re Esther Mammia Yates*, No. 17-11921-BFK, Dkt. 25 ¶¶ 4-8; Dkt. 12 ¶ 37. The Bankruptcy Court granted relief

---

[2] Another foreclosure sale had been previously scheduled for November 17, 2017, but did not go through. Dkt. 12 ¶ 38; Dkt. 33 at 10. Plaintiffs also filed a civil complaint on November 8, 2017 to delay that sale. Dkt. 12 ¶ 38.

[3] The Court may take judicial notice of matters in the public record, such as Plaintiffs' bankruptcy proceedings, subsequent appeals, and any other proceedings filed by Plaintiffs "even when the documents are neither referenced by nor integral to plaintiff's complaint." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing *Gasner v. Dinwiddie,* 162 F.R.D. 280, 282 (E.D.Va.1995)). Regardless, many of these proceedings are in fact referenced in Plaintiffs' Amended Complaint.

from the stay, permitting Defendant U.S. Bank "and its successors and assigns to enforce the lien of its deed of trust as it pertains to" the Property. *In re Esther Mammia Yates*, No. 17-11921-BFK, Dkt. 34 at 1-2; Dkt. 12 ¶ 37. Plaintiff Esther Yates received a discharge in bankruptcy on September 20, 2017, and the case was closed on November 27, 2017. *In re Esther Mammia Yates*, No. 17-11921-BFK, Dkt. Nos. 62; 86. Plaintiff appealed the Order granting relief from the stay, but the appeal was dismissed as moot on October 17, 2017 due to Plaintiff's discharge. *Yates v. U.S. Bank National Association*, No. 1:17-cv-993-LO-JFA (E.D. Va. Sept. 7, 2017), Dkt. 11.

    2.   Litigation in Federal District Court – *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017)

Plaintiffs brought a civil suit against Defendants Nationstar, U.S. Bank, and several other defendants[4] on November 8, 2017, in the Circuit Court of Prince William County, Virginia, in an effort to stop "the illegal scheduled foreclosure of the subject property." Dkt. 12 ¶ 38. In their complaint, Plaintiffs alleged that the defendants had violated various state and federal laws in relation to the Note and DOT encumbering the Property and sought, *inter alia*, a declaratory judgment that: (i) any foreclosure of the Property would be void; (ii) the DOT is void; and (iii) the Note is unsecured. *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017), Dkt. 1. Defendants Nationstar and U.S. Bank removed the case to this District and moved to dismiss the case. *Id.*, Dkt. Nos. 1; 14. On January 31, 2018, United States District Judge Anthony J. Trenga dismissed the case, holding that "Plaintiffs' declaratory judgment action is a classic 'show-me-the-note' claim that this Court and the Fourth Circuit have consistently rejected based on applicable Virginia law" and that "there is no basis upon which to obtain the requested declarations." *Id.*, Dkt. 49 at 6; Dkt. 12 ¶ 38. Judge Trenga also held that Plaintiffs failed to state

---

[4] Plaintiffs also sued Commonwealth Trustees, LLC (the Substitute Trustee at the time), Rosenberg & Associates, LLC (a law firm hired to assist with foreclosure), and Ruhi Fatima Mirza (an attorney at Rosenberg & Associates, LLC).

4

a claim under the Fair Debt Collections Practices Act ("FDCPA") because that claim turned "on their show-me-the-note theories asserted elsewhere in the Complaint." *Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376, Dkt. 49 at 8-9. Judge Trenga also held that Plaintiffs' "conclusory, unclear allegations" were insufficient to establish a breach of the loan documents, and that the Complaint had failed to plead with particularity facts showing that Defendants "made fraudulent statements or engaged in fraudulent conduct." *Id.* at 10-11.

Plaintiffs appealed Judge Trenga's Order to the United States Court of Appeals for the Fourth Circuit, which affirmed the decision in an unpublished opinion on July 23, 2018. *Yates v. Nationstar Mortg. LLC, et al.*, No. 18-1246 (4th Cir. July 23, 2018), Dkt. 22 at 2; Dkt. 12 ¶ 38.

3. 2018 Bankruptcy Case – *In re Yates*, No. 18-13855-BFK (Bankr. E.D. Va. Nov. 14, 2018)

Plaintiff William Yates next filed for bankruptcy protection under Chapter 7 in Bankruptcy Court in this District on November 14, 2018. Dkt. 12 ¶ 39; *In re Yates*, No. 18-13855-BFK (Bankr. E.D. Va. Nov. 14, 2018), Dkt. 1. Defendant U.S. Bank again filed a Motion for Relief from Automatic Stay, which was granted on January 23, 2019. Dkt. 12 ¶ 39; *In re Yates*, No. 18-13855-BFK, Dkt. Nos. 15; 37. Plaintiff received a discharge, and the case was closed on June 28, 2019. *In re Yates*, No. 18-13855-BFK, Dkt. Nos. 59; 65.

4. 2019 Bankruptcy Case – *In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. Oct. 17, 2019)

On October 17, 2019, Plaintiff Esther Yates filed another Chapter 11 bankruptcy case. Dkt. 12 ¶ 40; *In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. Oct. 17, 2019), Dkt. 1. In dismissing the case on July 14, 2020, the Bankruptcy Court held that Plaintiff's challenges of fraud and forgery of the loan documents to Defendant U.S. Bank's proof of claim regarding the debt owed on the Property were barred by *res judicata* based on Judge Trenga's January 31, 2018 Dismissal Order ("Dismissal Order"). *In Re Yates*, No. 19-13417-BFK, Dkt. 119 at 7-10. The Bankruptcy

5

Court found that the litigation before Judge Trenga involved the same parties (Plaintiffs, Defendant U.S. Bank, and Defendant Nationstar) and the same transaction, Note, and DOT, and that Plaintiffs could have raised the alleged fraud in the underlying transaction of the loan documents during the litigation before Judge Trenga. *Id.* at 8-9 ("It is apparent that Debtor intends to use Chapter 11 to re-litigate claims she could have asserted in the District Court.").

### 5. Re-opened 2017 Bankruptcy Case – *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017)

On September 1, 2020, after the 2017 Bankruptcy Case was reopened, Plaintiff Esther Yates filed a motion for contempt and sanctions against Defendants Nationstar and RASCP "for violation of her discharge, to determine the validity of the mortgage documents based on new evidence, and to vacate/reword the order lifting the automatic stay." Dkt. 12 ¶ 41; *In re Esther Mammie Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017), Dkt. 109. The Bankruptcy Court denied the motion due to Plaintiff's failure to establish any discharge injunction violation. *In re Esther Mammie Yates*, No. 17-11921-BFK, Dkt. 286 at 14. The Court also held that "[a]lternatively, and independently, the Debtor's claims are barred by *res judicata*." *Id.* The ruling was later affirmed by United States District Judge Patricia T. Giles. *Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (February 2, 2021), Dkt. 38 at 12 ("Debtor's fraud and forgery claims as to the loan documents are barred by *res judicata*."); Dkt. 12 ¶ 41.

### 6. The Instant Matter

After unsuccessfully litigating this matter in the cases recounted above, Plaintiffs filed the instant suit in Prince William County Circuit Court of Virginia against Defendants on October 17, 2023. Dkt. 1 ¶ 1. The case was then removed to the United States District Court for the Eastern District of Virginia and assigned to this District Judge on November 10, 2023. *Id.* Plaintiffs were

granted leave to file their First Amended Complaint and did so on November 21, 2023. Dkt. 12. Plaintiff subsequently filed a Motion to Remand on November 29, 2023. Dkt. 13.

In essence, the First Amended Complaint asserts that "Defendants are unconscionably manipulating and violating the law to eventually profit from foreclosing on Plaintiffs' property when Defendants do not hold or own the note and deed of trust on Plaintiffs['] home." Dkt. 12 at 4. Specifically, in Count 1, Plaintiffs seek various forms of declaratory relief against all Defendants regarding the validity of the Note, the DOT, and certain land records. Dkt. 12 ¶¶ 58-136. In Count 2, Plaintiffs bring claims for slander of title and to quiet title because Defendants "ha[d] no authority to foreclose" on the Property. *Id.* ¶¶ 137-159. In Count 3, Plaintiffs allege that Defendants Nationstar and RASCP, as debt collectors, violated the FDCPA when they used "false, deceptive, unfair and unconscionable means to collect from Plaintiffs." *Id.* ¶ 168.

Defendants Nationstar and U.S. Bank moved to dismiss the instant action for failure to state a claim on December 4, 2023, and the RAS Defendants moved to dismiss on December 5, 2023. Dkt. Nos. 18; 25. Both motions assert that this suit is barred by the doctrine of *res judicata*. Dkt. Nos. 19 at 6-8; 26 at 8-11. Defendants then filed their Oppositions to the Motion to Remand on December 13, 2023. Dkt. Nos. 28, 29. Plaintiffs filed a Reply in support of the Motion to Remand on December 20, 2023. Dkt. 32. After receiving an extension of time, Dkt. 31, Plaintiffs also filed their Oppositions to the motions to dismiss on January 9, 2024, Dkt. Nos. 33, 34. Defendants Nationstar and U.S. Bank filed their Reply in support of their Motion to Dismiss on January 17, 2024. Dkt. 35. Without requesting leave to file an additional response as required by Local R. 7(f), Plaintiffs filed a Response to Defendants' Reply on January 22, 2024. Dkt. 36.[5]

---

[5] Because Plaintiffs did not seek leave of Court to file their January 22, 2024 Response, the Court will not consider it. Local R. 7(f) (explaining that parties may file motions, accompanying

## II.  STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor.  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).  Moreover, "when entertaining a motion to dismiss on the

---

briefs, opposition briefs, and reply briefs; but "[n]o further briefs or written communications may be filed without first obtaining leave of Court"); *see also Cnty. Of Chesterfield, Virginia v. Lane*, No. 3:18-cv-354, 2018 WL 6729800, at *1 n.3 (E.D. Va. Dec. 21, 2018) (declining to consider second reply when party failed to seek leave of Court before filing it).

ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Mindful that Plaintiffs are proceeding *pro se*, this Court liberally construes their filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III.  ANALYSIS

The Court has pending before it three motions: (i) Plaintiffs' Motion to Remand; and (ii) two Motions to Dismiss. Because it would not be appropriate for the Court to consider the motion to dismiss if the motion to remand should be granted, the Court first considers Plaintiffs' Motion to Remand.

#### A.  Motion to Remand

Plaintiffs assert that remand is appropriate here because this Court lacks subject matter jurisdiction, Dkt. 13 at 6-9, and because the initial removal had material procedural defects, *id.* at 10-14. Defendants counter that this Court has federal question jurisdiction over Plaintiffs' claims brought under the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over "the state law claims stem[ming] from the same operative facts," pursuant to 28 U.S.C. § 1367. Dkt. 28 at 3-4.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The initial burden of establishing federal jurisdiction rests with the party seeking removal. *Abraham v. Cracker Barrel*

9

*Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  Here, Defendants rely on federal question jurisdiction under 28 U.S.C. § 1331, which allows federal courts to exercise jurisdiction over a complaint "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 943 (E.D. Va. 2010) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)).  When "federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey*, 29 F.3d at 151.

The Amended Complaint presents a federal question on its face as it asserts a cause of action under federal law.  Count 3 alleges that Defendants Nationstar and RASCP violated the FDCPA – a federal statute that provides for private rights of action against debt collectors.  Dkt. 12 ¶¶ 160-172; 15 U.S.C. § 1692k.  This Court therefore has federal question jurisdiction over the Amended Complaint because federal law creates the cause of action for Count 3.  This Court also has "supplemental jurisdiction over all other claims that are so related to" the FDCPA claim "that they form part of the same case or controversy." 28 U.S.C. § 1367.  Since Plaintiffs' remaining claims and the FDCPA claim arise from the same operative facts – namely, Plaintiffs' mortgage loan, their subsequent default, and Defendants' foreclosure actions – the remaining claims form part of the same case or controversy and the Court can exercise supplemental jurisdiction over them.  *See Kennedy v. Lendmark Fin. Servs.,* No. CIV.A. RDB-10-02667, 2011 WL 4351534, at *3 (D. Md. Sept. 15, 2011) (finding that Court had federal question jurisdiction over FDCPA claims and supplemental jurisdiction over remaining state law claims), *aff'd sub nom. Kennedy v. Lendmark Fin. Servs., Inc.*, 458 F. App'x 262 (4th Cir. 2011).

Furthermore, Defendants properly removed this action.  A notice of removal must be filed

10

"within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Defendants were all served on October 20, 2023, Dkt. 1 ¶ 2, and jointly filed a Notice of Removal on November 10, 2023, Dkt. 1. Removal therefore occurred within 30 days of service and was timely.

Nevertheless, Plaintiffs challenge the removal, contending that (1) not all Defendants named in the original complaint joined in removal, and (2) two Defendants that did join were not named in the original complaint.[6] Dkt. 14 at 11. These arguments are without merit. The Notice of Removal points out that Plaintiffs misnamed Defendants U.S. Bank and RASCP in the original complaint and makes clear that the Defendants that joined in removal were, in fact, the parties that Plaintiffs intended to name. *See* Dkt. 1 at 1 n.1 ("The Complaint mistakenly names 'Robertson, Anschutz, Schneid & Crane, PLLC,' which, to the RAS Defendants' knowledge is not actually an entity"); *Id.* at 1 n.2 ("The Complaint mistakenly names "U.S. Bank National Association, as Trustee for GSR 2006-3F and U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage Pass-Through Certificates, 2006-3F.").[7] Plaintiffs cannot evade removal by pointing to their own failure to name the proper entities in the original state court complaint as

---

[6] Specifically, Plaintiffs assert that "Defendant U.S. Bank National Association, as Trustee for GSR 2006-3F and Defendant U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage Pass-Through Certificates, Series 2006-3F did not join with the 'moving defendants' in the removal, nor did they file their own written consent." Dkt. 14 at 11. Plaintiffs also claim that "U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F and Robertson, Anschutz, Schneid, Crane & Partners, PLLC are not party defendants named in the case" and could not have joined in removal because they were not named as Defendants at that time. *Id.*

[7] Moreover, Plaintiffs later filed the instant Amended Complaint, which correctly named RASCP as a defendant and dropped its misnomer. Dkt. 12 at 1. Plaintiffs also again named Defendant U.S. Bank twice in the Amended Complaint, using long-form and shortened variations of the trust's name. *See id.* But Defendant U.S. Bank has explained that both names refer to the same entity. Dkt. 28 at 6 (stating that "Plaintiffs fail to appreciate [that] the two trust entities they named as defendants, which to their belief are two separate entities, are in fact the same entity").

11

Defendants were obligated to remove within 30 days of service even if they were mistakenly named in the original complaint. *See Lee v. Food Lion, LLC*, No. 4:12-cv-142, 2013 WL 588767, at *3 (E.D. Va. Feb. 13, 2013) (finding a defendant's notice of removal untimely where the plaintiff mistakenly named a nonexistent entity in the original complaint and the proper defendant waited to remove until it received an amended complaint even though the defendant "received a copy of the original complaint and . . . ascertained that [it] was the intended defendant"). Defendants RASCP and U.S. Bank properly joined in removal, and all Defendants that Plaintiffs intended to name in the original complaint joined in removal; thus, removal was proper.

Plaintiffs further argue that removal was defective because "the complete state court record was not filed with the notice of removal, and the documents that were filed were also incomplete and inaccurate." Dkt. 14 at 12. Specifically, Plaintiffs claim that the state civil cover sheet, summonses, affidavits of service, and a *lis pendens* were missing from the record, and that the federal civil cover sheet inaccurately listed information pertaining to Defendants' names and the demand amount. *Id.* at 12-13. As a result, Plaintiffs contend that removal was untimely because these "procedural defects were not remedied within the 30-day removal window." *Id.* at 14. This argument is also unpersuasive. Courts consistently hold that minor procedural defects in removal filings do not justify remand. *See, e.g.*, *Barber v. Montgomery Cnty. Gov't*, No. 8:17-cv-1948, 2018 WL 529485, at *4 (D. Md. Jan. 24, 2018) (finding "that 'the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect' and, thus, does not warrant remand" (quoting *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009)); *McWilliams v. Broderick*, No. 1:11-cv-519, 2011 WL 2669969, at *3 (E.D. Va. July 7, 2011) (denying motion to remand because failure to include summons was inadvertent and trivial, did not burden the court, and did not prejudice plaintiff); *Riggs v. Fling*

12

*Irrigation, Inc.*, 535 F. Supp. 2d 572, 578-79 (W.D.N.C. 2008) (finding that failure to attach state court documents was a curable procedural defect that caused no prejudice). Here, any omission of documents or inaccurate information was minor and did not prejudice Plaintiffs. Moreover, copies of the state civil cover sheet, some of the summonses, and various proofs of service have since been filed on the docket, curing some of the alleged deficiencies. *See* Dkt. 14-6; *see also* Dkt. 28, Ex. Nos. 1, 2. Accordingly, since any procedural defects in removal were minor and did not prejudice Plaintiffs and because the removal was proper, the Motion to Remand will be denied.

## B. Motions to Dismiss

Defendants contend that Plaintiffs' claims are barred by the doctrine of *res judicata* and that they also independently fail as a matter of law. The Court will first address Defendants' *res judicata* argument.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, or collateral estoppel." *Id.* Defendants assert that claim preclusion applies here. Dkt. Nos. 19 at 6; 26 at 8.

"The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal citations omitted). A claim is precluded where three elements are met: (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and, (3) the claims in the second matter are based upon

13

the same cause of action involved in the earlier proceeding. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Id.* at 1316.

In considering Defendants' *res judicata* argument, the Court may take judicial notice of the "facts from [] prior judicial proceeding[s]." *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (internal quotations omitted) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). Accordingly, the Court takes judicial notice of the six prior judicial proceedings in which Plaintiffs brought claims concerning the Note and DOT against these Defendants. *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017) (Trenga, J.), Dkt. 49 (granting Defendants Nationstar and U.S. Bank's motion to dismiss and finding that Plaintiffs' claims were impermissible "show me the note" claims); *Yates v. Nationstar Mortg. LLC, et al.*, No. 18-1246 (4th Cir. July 23, 2018), Dkt. 22 at 2 ("affirm[ing dismissal] for the reasons stated by the district court"); *In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. 2019), Dkt. 119 at 9 (declining to confirm Plaintiff Esther Yates' bankruptcy plan because her efforts to assert that "she does not owe U.S. Bank any money because she and her husband were defrauded by the Bank" were barred by "the *res judicata* effect of [the district court's] judgment"); *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017), Dkt. 286 at 14-15 (following the reopening of Plaintiff Esther Yates' 2017 Bankruptcy Case in 2020, the bankruptcy court found that Plaintiff's "claims are barred by *res judicata*" based on Judge Trenga's Dismissal Order); *Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (November 13, 2022), Dkt. 38 at 12 (affirming bankruptcy court's dismissal and finding that Plaintiff Esther Yates' "fraud and forgery claims as to the loan documents are barred by *res judicata*").

As three courts have already held, Plaintiffs' claims in the instant suit are precluded by Judge Trenga's Dismissal Order and will be dismissed with prejudice. *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017) (Trenga, J.), Dkt. 49.

### 1. Final and on the Merits

"The *res judicata* final judgment requirement is met when 'a particular adversary proceeding has been finally resolved [such that] the outcome constitutes an appealable final decision.'" *Royal Meadows Stables, Inc. v. Colonial Farm Credit, ACA*, 207 B.R. 1003, 1007 (E.D. Va. 1997) (citing *Turshen v. Chapman*, 823 F.2d 836, 839 (4th Cir. 1987)).

Judge Trenga's Dismissal Order was a final judgment on the merits. *See Nabaya v. Stark*, No. 3:13CV218-HEH, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013) ("A dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' for the purposes of res judicata."). It is also clear that this was an appealable final judgment from the appeal that followed, in which the Fourth Circuit "affirm[ed] for the reasons stated by the district court." *Yates v. Nationstar Mortg. LLC, et al.*, No. 18-1246 (4th Cir. July 23, 2018), Dkt. 22 at 2.

### 2. Parties are Identical or in Privity

Defendants in the instant suit are either identical or in privity with those defendants that Plaintiffs previously sued in *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017). "Privity attaches only to those parties whose interests in a given lawsuit are deemed to be aligned." *Jones v. S.E.C.*, 115 F.3d 1173, 1181 (4th Cir. 1997) (internal citations omitted).

In the instant matter, Defendant U.S. Bank is being sued in its capacity as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage-Backed Pass-Through Certificates. *Id.* ¶ 5. Defendant Nationstar is being sued as the servicer of the loan. *Id.* ¶¶ 6, 21, 34. Defendant RAST is being

15

sued as Substitute Trustee, *id.* ¶ 45, and Defendant RASCP "is the law firm that represented the legal interest of [Nationstar] and [U.S. Bank] in enforcing the loan documents," Dkt. 26 at 10-11.

In *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017), Plaintiffs sued Defendants U.S. Bank and Nationstar in the same capacities as the instant suit, as well as Commonwealth Trustees LLC, Rosenberg & Associates, LLC, and Ruhi Fatima Mirza – an attorney with Rosenberg & Associates, LLC. Like Defendant RAST here, Commonwealth Trustees LLC was sued in its capacity as Substitute Trustee. *Id.* Dkt. 49 at 2. And like Defendant RASCP here, Rosenberg & Associates, LLC was "a law firm employed by Commonwealth Trustees for the foreclosure on the property securing the loan." *Id.* It is clear that the RAS Defendants, as the current Substitute Trustee and law firm handling the potential foreclosure sale of the Property at issue here, have interests that align with the former Substitute Trustee and law firm handling the potential foreclosure at issue in Plaintiffs' suit before Judge Trenga. *See Modderno v. Ocwen Loan Servicing, LLC*, No. 1:17-cv-77-JCC-TCB, 2017 WL 1234287, at *3 (E.D. Va., Apr. 4, 2017) ("Substitute trustees under a deed of trust are also deemed to be in privity with any predecessor trustees under the same instrument."). Thus, Defendants in the instant matter are either identical or in privity with those in the 2017 action.

3. *The Same Cause of Action*

Finally, the causes of action in Plaintiffs' prior lawsuit before Judge Trenga and the present lawsuit are fundamentally the same. In the Fourth Circuit, a cause of action is identical for claim preclusion purposes if the "claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). Moreover, as the Fourth Circuit recognizes, *res judicata* applies where a claim "was decided or *could have been decided* in an original suit." *Laurel Sand & Gravel,*

16

*Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008).  Here, both lawsuits stem from the same transaction – Plaintiffs' execution of the Note and the DOT in October 2005 and the alleged fraud concerning those documents.

In the present case, Plaintiffs assert three counts in their Amended Complaint, each premised on the claim that the Note and DOT are void and unenforceable due to alleged fraud.  In Count 1, Plaintiffs seek Declaratory Judgment stating, *inter alia*, that the Note and DOT are void and unenforceable due to predatory lending practices and unauthorized alterations to the documents, that Defendants do not hold the Note and DOT, and that Defendants lack authority to foreclose.  Dkt. 12 ¶¶ 58-67, 136.  In Count 2, Plaintiffs allege Slander of Title and seek to Quiet Title because "Defendants have no authority to foreclose" since the DOT and various assignments of the DOT are allegedly invalid.  *Id.* ¶¶ 137-159.  In Count 3, Plaintiffs seek damages for Defendants Nationstar and RASCP's alleged violations of the FDCPA in attempting to collect debts from Plaintiffs despite allegedly knowing that Defendant U.S. Bank did not hold the Note.  *Id.* ¶¶ 165, 168.  All three counts hinge on Plaintiffs' assertion that the underlying Note and DOT are invalid due to fraud and forgery and that, as such, Defendants lack authority to foreclose.

Similarly, the 2017 action was "based on the prospects of foreclosure on Plaintiffs' residence as a result of their signing [the] promissory note [] and Deed of Trust on October 25, 2005."  *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017), Dkt. 49 at 1.  Specifically, Plaintiffs sought "declaratory judgment stating, *inter alia*, that '[a]ny foreclosure of the Plaintiff's home would be void . . . ; [t]he subject loan has been rescinded twice . . . ; [and] the [deed of trust] is void and the Note is unsecured.'"  *Id.* at 5.  Plaintiffs also brought an FDCPA claim alleging that "Defendants 'asserted false presentation of the ownership of Plaintiffs' alleged loan.'"  *Id.* at 8.

Because Plaintiffs' claims in each case are centered on the loan documents executed in October 2005, the cause of action in both lawsuits are therefore the same for *res judicata* purposes, because they were brought or could have been brought in the 2017 action.[8] Plaintiffs attempt to distinguish the two actions by claiming that the 2017 lawsuit arose from a forged note and earlier improper assignments of the DOT in 2010 and 2017, while the current suit arises from more recent improper assignments and a substitution of trustee in 2022. Dkt. 33 at 10-11. This argument, however, is unavailing. Both cases ultimately arise from the same underlying transaction – Plaintiffs' execution of the Note and the DOT in October 2005 and Defendants' alleged fraud concerning those documents. *See Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (November 13, 2022), Dkt. 38 at 12 (finding that Plaintiff Esther Yates' claims in the 2017 lawsuit and in her Motion for Contempt filed in the 2017 Bankruptcy Case "stem from the same underlying transaction: Appellee's alleged fraud and forgery concerning the loan documents").

In dismissing Plaintiffs' 2017 action, Judge Trenga held that the "declaratory judgment action is a classic 'show-me-the-note' claim that this Court and the Fourth Circuit have consistently rejected" under Virginia's non-judicial foreclosure rules and that Plaintiffs' FDCPA claim "turns on their show-me-the-note theories" that "Defendants lack standing or authority to foreclose." *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec.

---

[8] Even if the precise claims brought in the current case were not before Judge Trenga in 2017, Plaintiffs could have raised them in that action, making *res judicata* applicable. *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 281-82 (4th Cir. 2016). Here, Plaintiffs' claims rest on allegations of fraud and forgery regarding the underlying loan documents, asserting that "Defendants do not hold or own the [N]ote and [DOT]" and therefore lack authority to foreclose. Dkt. 12 at 2. Such claims regarding the underlying loan documents which were executed in 2005 clearly could have been raised in the 2017 action. *See In Re Yates*, No. 19-13417-BFK, Dkt. 119 at 7-10 ("The premise of [Plaintiff Esther Yates'] Plan is that she does not owe U.S. Bank any money because she and her husband were defrauded by the Bank. These are claims that could have been raised in the case before Judge Trenga.").
.

1, 2017), Dkt. 49 at 6, 8-9 (citing *Horvath v. Bank of New York, N.A.*, 641 F.3d 617 (4th Cir. 2011)). In the current lawsuit, all three counts of the Amended Complaint likewise turn on Plaintiffs' contention that the Note and the DOT are void and unenforceable, and that Defendants lack authority to foreclose. *See generally* Dkt. 12. Therefore, Plaintiffs' claims rest on an identical "show-me-the-note" theory that Judge Trenga has already held is impermissible.

Plaintiffs also challenge the application of *res judicata* by offering new facts and evidence discovered after Judge Trenga's Dismissal Order issued on January 31, 2018. Dkt. 33 at 12-13. But rather than establishing a new and distinct actionable claim, Plaintiffs' new facts and evidence merely support the same "show-me-the-note" theory that Judge Trenga held was impermissible. *See, e.g., id.* at 12 (stating that a newly discovered "judicial admission disproves the validity of the [DOT] and all subsequent land records"); *id.* at 13 (stating that a Collateral Form showed that another party "owned the note and mortgage [] on October 25, 2013" even though "the land record claims that [Defendant U.S. Bank] owned the note and deed of trust"). Submitting new facts and evidence in support of the same "show-me-the-note" theory cannot relieve Plaintiffs of the effects of *res judicata*. *See McGowen v. Harris*, 666 F.2d 60, 67 (4th Cir. 1981) (explaining that new and material evidence may "be revealed as going only to establish the same claim earlier denied, so that res judicata is legally available to bar its consideration on the merits").

Consequently, because the elements of claim preclusion are satisfied, the doctrine of *res judicata* precludes this Court from hearing Plaintiffs' claims. Thus, this Court's conclusion here is the same as the three bankruptcy decisions that also addressed the *res judicata* effect of Judge Trenga's Dismissal Order. *See In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. 2019), Dkt. 119 at 9 (finding that Plaintiff Esther Yates' assertion that "she does not owe U.S. Bank any money because she and her husband were defrauded by the Bank" was barred by "the *res judicata* effect

19

of [the district court's] judgment"); *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017), Dkt. 286 at 14-15 (finding Plaintiffs' "claims [of fraud] are barred by *res judicata*" as the "Court is not free to disregard Judge Trenga's Order"); *Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (November 13, 2022), Dkt. 38 at 12 (finding that Plaintiff Esther Yates' "fraud and forgery claims as to the loan documents are barred by *res judicata*"). Because Plaintiffs' claims are barred by the doctrine of *res judicata*, the Court will grant the Motions to Dismiss with prejudice.[9]

## IV. CONCLUSION

In sum, Defendants' removal of this case to this District was appropriate and Plaintiffs' claims are barred by *res judicata*. Accordingly, for the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Remand (Dkt. 13) is DENIED; and it is

FURTHER ORDERED that Defendants Nationstar and U.S. Bank's Motion to Dismiss (Dkt. 18) and Defendants RASCP and RAST's Motion to Dismiss (Dkt. 25) are GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
September 12, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[9] The Court need not address the merits of Plaintiffs' claims because all counts will be dismissed on *res judicata* grounds. *Adkins v. Fairfax County School Board*, No. 1:08-cv-91, 2008 WL 2076654, at *6 (E.D. Va. May 15, 2008).