IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| WILLIAM R. YATES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-1531 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Nationstar Mortgage LLC d/b/a Mr. Coooper ("Nationstar") and U.S. Bank Trust National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F's ("U.S. Bank") (collectively, "Defendants) Motion for a Gatekeeper Order ("Motion") (Dkt. 49).[1]  This matter has been fully briefed and is now ripe for disposition.  This Court heard argument on the Motion on June 11, 2025.  Considering the Motion together Plaintiffs' oppositions (Dkts. 55; 56), Defendants' reply (Dkt. 59), and the argument heard during the June 11, 2025 hearing, this Court GRANTS Defendants' Motion for the reasons that follow.

### I.   BACKGROUND

To further delay a potential foreclosure, Plaintiffs William R. Yates and Esther M. Yates ("Plaintiffs") sued Defendants, challenging the validity of the "underlying note and deed of trust and all subsequently recorded land records pertinent to the" real property located at 8236 Stoddard

---

[1] In conjunction with their opposition to the Motion, Plaintiffs also filed a Motion to Reconsider Gatekeeper Order Granted-In-Part (Dkt. 56).  Plaintiffs ask this Court to reconsider its May 16, 2025 Order setting a briefing schedule and hearing on Defendants' Motion. Dkt. 56 at 11-12.  At the time of Plaintiff's filing, however, the Court had not fully ruled on Defendants' Motion.  Moreover, for the same reasons set forth in the analysis below, the Motion is denied.

Drive, Manassas, Virginia 20110 (the "Property"). Dkt. 12 ¶¶ 10, 57. Plaintiffs have attempted to avoid foreclosure of the Property through several bankruptcy and litigation proceedings since 2017. *Id.* ¶¶ 37-41. Every attempt has been futile. *Id.* This Court set forth an overview of some of those cases in its September 12, 2024 Memorandum Opinion and Order issued in this case. Dkt. 38 at 3-7. In each of Plaintiffs' prior cases, Plaintiffs' claims were deemed impermissible "show me the note" claims.[2] Now, four different courts, including this Court, have held that Plaintiffs' claims related to potential foreclosure of the Property are barred by the doctrine of *res judicata*.[3]

After unsuccessfully litigating the matter in those cases, Plaintiffs filed the instant suit in Prince William County Circuit Court of Virginia against Defendants on October 17, 2023. Dkt. 1 ¶ 1. The case was then removed to the United States District Court for the Eastern District of Virginia and assigned to this District Judge on November 10, 2023. *Id.* Plaintiffs were granted leave to file their First Amended Complaint and did so on November 21, 2023. Dkt. 12. Plaintiffs subsequently filed a Motion to Remand on November 29, 2023. Dkt. 13.

---

[2] *See Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017) (Trenga, J.), Dkt. 49 (granting Defendants Nationstar and U.S. Bank's motion to dismiss and finding that Plaintiffs' claims were impermissible "show me the note" claims); *Yates v. Nationstar Mortg. LLC, et al.*, No. 18-1246 (4th Cir. July 23, 2018), Dkt. 22 at 2 ("affirm[ing dismissal] for the reasons stated by the district court").

[3] *In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. 2019), Dkt. 119 at 9 (declining to confirm Plaintiff Esther Yates' bankruptcy plan because her efforts to assert that "she does not owe U.S. Bank any money because she and her husband were defrauded by the Bank" were barred by "the *res judicata* effect of [Judge Trenga's] judgment"); *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017), Dkt. 286 at 14-15 (following the reopening of Plaintiff Esther Yates' 2017 Bankruptcy Case in 2020, the bankruptcy court found that Plaintiff's "claims are barred by *res judicata*" based on Judge Trenga's dismissal order); *Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (November 13, 2022), Dkt. 38 at 12 (affirming bankruptcy court's dismissal and finding that Plaintiff Esther Yates' "fraud and forgery claims as to the loan documents are barred by *res judicata*"); Dkt. 38 at 20 (dismissing the instant action because "Plaintiffs' claims are barred by *res judicata*").

Defendants Nationstar and U.S. Bank moved to dismiss the action for failure to state a claim on December 4, 2023, and Defendants Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("RASCP") and Ras Trustee Services, LLC ("RAST") (collectively, the "RAS Defendants") moved to dismiss the action on December 5, 2023. Dkts. 18; 25. Both motions asserted that this suit is barred by the doctrine of *res judicata*. Dkts. 19 at 6-8; 26 at 8-11. Following full briefing on the motion to remand and motions to dismiss, this Court denied Plaintiffs' motion to remand and granted Defendants' motions to dismiss because, as three courts had previously held, Plaintiffs' claims were impermissible "show me the note" claims and barred by the doctrine of *res judicata*. Dkt. 38.

On October 10, 2024, Plaintiffs filed a Motion to Alter or Amend or For Relief from Judgment, requesting that this Court "amend, alter or grant relief from its [September 12, 2024] Order to correct jurisdictional errors, clear errors of law and prevent manifest injustice." Dkt. 39 at 18. During briefing on Plaintiffs' motion, Defendants filed a Motion for Gatekeeper Order on December 2, 2024, requesting that this Court enjoin Plaintiffs "from filing any further pleadings." Dkt. 49 at 7. On December 2, 2024, Plaintiffs moved to strike Defendants' Motion for Gatekeeper Order. Dkt. 50. Defendants opposed the motion to strike on December 11, 2024, Dkt. 52, and Plaintiffs replied on December 20, 2024, Dkt. 53.

On May 16, 2025, this Court issued an Order granting-in-part Defendants' Motion for Gatekeeper Order. Dkt. 54. In the Order, the Court made preliminary findings supporting the issuance of a prefiling injunction against Plaintiffs, warned Plaintiffs that the Court was inclined to enjoin them, and ordered Plaintiffs to appear on June 11, 2025, to show cause, if any, why this Court should not enter a prefiling injunction against them. *Id.* at 8-10. The Court also set a briefing schedule for Defendants' Motion. *Id.* at 11.

3

On May 30, 2025, Plaintiffs filed an Opposition to Motion for Gatekeeper Order and Motion to Reconsider the Gatekeeper Order Granted-In-Part. Dkts. 55; 56. On June 4, 2025, Plaintiffs filed a Notice informing the Court that Plaintiff William R. Yates would be absent from the June 11, 2025 hearing due travel associated with his employer. Dkt. 58. On June 6, 2025, Defendants filed a Reply in support of their Motion. Dkt. 59. On June 11, 2025, Plaintiff Esther M. Yates and counsel for Defendants appeared for the show cause hearing and presented argument on whether a prefiling injunction should issue.

## II. STANDARD OF REVIEW

The All Writs Act, 28 U.S.C. 1651(a), "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants" through the issuance of a prefiling injunction. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). A prefiling injunction is a drastic remedy that must be used sparingly. *Id.* "[A] judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Id.* at 817-18 (quoting *Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir.1993)). Further, the "'use of such measures against a *pro se* plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" *Cromer*, 390 F.3d at 818 (quoting *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.1980)). A prefiling injunction must be "narrowly tailored to fit the specific circumstances at issue." *Cromer*, 390 F.3d at 818. Further, prior to the issuing of a prefiling injunction under the All Writs Act, the litigant must be afforded notice and an opportunity to be heard. *Id.* at 819.

4

III.  ANALYSIS

Defendants request the imposition of a prefiling injunction against Plaintiffs.  In determining whether a prefiling injunction is warranted, a court must consider

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818.  In light of Plaintiffs' repeated filing of vexatious and duplicative lawsuits and motions aimed at halting the foreclosure of the Property,[4] despite such claims being based on impermissible "show me the note" arguments and barred by the doctrine of *res judicata*, this Court will issue a prefiling injunction against Plaintiffs based on the findings that follow.

The Court finds that Plaintiffs have a long history of filing vexatious and duplicative lawsuits and motions against Defendants, aimed at delaying the foreclosure sale of the Property. As Defendants note, Plaintiffs have been in default since 2009 and have presented no legally recognized defense for the default.  Dkt. 49 at 8.  Since 2017, the actions in this Court and in the Bankruptcy Court have involved virtually the same Defendants[5] and the same allegations arising from the same set of operative facts.  *Id.*; *see also* Dkt. 38 at 3-7 (providing overview of six of Plaintiffs' bankruptcy and litigation proceedings relating to the potential foreclosure of the

---

[4] *See, e.g.*, *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017); *Yates v. Nationstar Mortg. LLC, et al.*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 1, 2017); *Yates v. Nationstar Mortg. LLC, et al.*, No. 18-1246 (4th Cir. July 23, 2018); *In re Yates*, No. 18-13855-BFK (Bankr. E.D. Va. Nov. 14, 2018); *In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. Oct. 17, 2019); *Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (November 13, 2022); *Yates, et al. v. U.S. Bank National Association, et al.*, 1:23-cv-1531-RDA-WEF; *Yates v. Gold*, 1:24-cv-2302-RDA-LRV (December 17, 2024); *Yates v. Gorman*, 1:25-cv-252-RDA-LRV (February 10, 2025).

[5] The Defendants were either identical or in privity with one another.  *See* Dkt. 38 at 15-16.

Property).  Moreover, in this action alone, Plaintiffs have continued to regurgitate the same arguments in every filing and during the show cause hearing, forcing Defendants and this Court to address them time and time again.

The Court finds that Plaintiffs have lacked a good faith basis for instituting these actions. Given that multiple courts in this District have dismissed Plaintiffs' actions on the basis of *res judicata*, it is impossible to view Plaintiffs' subsequent pleadings and motions, which are substantively identical to their initial complaints, as anything more than an attempt to harass Defendants and burden the Court with futile litigation intended to delay foreclosure of the Property.  It is objectively reasonable to conclude that Plaintiffs knew the Amended Complaint in the instant action would be dismissed and that their most recent Motion to Alter or Amend or For Relief from Judgment would be denied.

This Court finds that Plaintiffs have become a substantial burden on judicial resources and the other parties to their filings.  Plaintiffs' continuous filings have inundated this Court with frivolous documents, straining already overburdened judicial resources.  Each new filing requires the Clerk to review, docket, and file the material, while the Court must spend considerable time reviewing their duplicative and meritless motions.  Moreover, Plaintiffs' vexatious and duplicative filings have imposed unnecessary costs and burdens on Defendants, who have been forced to defend meritless actions for seven years, including Plaintiffs' appeals from the Bankruptcy Court and to the Fourth Circuit.

Finally, given that four courts have now held Plaintiffs' claims to be barred by *res judicata*[6] and that Plaintiffs continue to file groundless motions such as the previous Motion to Alter or

---

[6] *In Re Yates*, No. 19-13417-BFK (Bankr. E.D. Va. 2019), Dkt. 119 at 9 (declining to confirm Plaintiff Esther Yates' bankruptcy plan because her efforts to assert that "she does not

Amend or For Relief from Judgment (Dkt. 46-1), this Court preliminarily finds that no remedy short of a prefiling injunction will suffice to halt Plaintiffs' vexatious, duplicative, and baseless litigation.

The Court takes note of Plaintiffs' argument that they have filed these matters in state court and that it is Defendants who remove these cases to this District.  As this District Judge and other District Judges in this District have held, Defendants' removal to federal court is entirely appropriate.  *See* Dkt. 38 at 9-13.  The Court, mindful of the limits of its powers, cannot prevent Plaintiffs from filing suit in state court, and the Court does not do so here.  But, the Court should and will take steps to protect judicial resources and prevent abuse of the legal system by limiting the impact of any proceedings in federal court.

In issuing a prefiling injunction, this Court is mindful of Plaintiffs' *pro se* status and that the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Cromer,* 390 F.3d at 818.  Consistent with the notice and response requirements of *Cromer*, 390 F.3d at 819, Plaintiffs were advised that this Court was inclined to enjoin them on May 16, 2025, and were given an opportunity to be heard during the June 11, 2025 hearing.  Dkt. 54 at 9.  Thus, Plaintiffs will be enjoined from instituting any new civil cases in the Eastern District of Virginia or from filing any new documents in any closed civil case related to the potential foreclosure of the

---

owe U.S. Bank any money because she and her husband were defrauded by the Bank" were barred by "the *res judicata* effect of [Judge Trenga's] judgment"); *In re Esther Mammia Yates*, No. 17-11921-BFK (Bankr. E.D. Va. 2017), Dkt. 286 at 14-15 (following the reopening of Plaintiff Esther Yates' 2017 Bankruptcy Case in 2020, the bankruptcy court found that Plaintiff's "claims are barred by *res judicata*" based on Judge Trenga's dismissal order); *Yates v. Nationstar Mortgage, LLC*, 1:21-cv-118-PTG-IDD (November 13, 2022), Dkt. 38 at 12 (affirming bankruptcy court's dismissal and finding that Plaintiff Esther Yates' "fraud and forgery claims as to the loan documents are barred by *res judicata*"); Dkt. 38 at 20 (dismissing the instant action because "Plaintiffs' claims are barred by *res judicata*").

Property, without first obtaining approval from the Court. The Clerk will be directed to refer any future filings by Plaintiffs to the assigned district judge for review before entering them on the docket. Absent prior approval by the Court to enter a new filing on the docket, the Clerk will be directed to dispose of the new filing without additional action. Plaintiffs are advised that nothing in this injunction will be construed as limiting their ability to defend themselves in any civil or criminal matter in this Court nor does the Court seek to restrict their filings in Bankruptcy Court or appeals therefrom.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants Nationstar and U.S. Bank's Motion for Gatekeeper Order (Dkt. 49) is GRANTED; and it is

FURTHER ORDERED that Plaintiffs William R. Yates and Esther M. Yates are hereby ENJOINED from instituting any new civil cases in the Eastern District of Virginia or from filing any new documents in any closed civil case related to the potential foreclosure of the Property, without first obtaining approval from the Court. The Clerk is directed to refer any future filings by Plaintiffs to the assigned district judge for review before entering them on the docket. Absent prior approval by the Court to enter a new filing on the docket, the Clerk is directed to dispose of the new filing without additional action. Plaintiffs are advised that nothing in this injunction will be construed as limiting their ability to defend themselves in any civil or criminal matter in this Court nor does the Court seek to restrict their filings in Bankruptcy Court or appeals therefrom; and it is

FURTHER ORDERED that Plaintiff's Motion to Reconsider Gatekeeper Order Granted-In-Part (Dkt. 56) is DENIED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is

a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiffs, who are proceeding *pro se*, and to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
June 11, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge